UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JETSTREAM BRANDS LLC<br><br>                    Plaintiff,<br><br>v.<br><br><br>JETSON AB and JETSON, INC.<br><br>                    Defendants. | **MEMORANDUM AND ORDER**<br><br>25-cv-00344 (LDH) (CHK) |

LaSHANN DeARCY HALL, United States District Judge:

Jetstream Brands LLC ("Plaintiff") brings the instant action against Jetson AB ("JAB") and Jetson, Inc. (collectively, "Defendants"), asserting claims for: infringement of federally registered trademarks, in violation of 15 U.S.C. § 1114; false designation of origin and false or misleading description of fact, in violation of 15 U.S.C. § 1125(a); trademark infringement, in violation of New York common law; trademark dilution, in violation of New York General Business Law section 360-L; and unfair competition, in violation of New York common law.[1] Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety.

---

[1] The Complaint also asserts a federal trademark dilution claim, in violation of 15 U.S.C. § 1125(c). (Compl. ¶¶ 97-105, ECF No. 1.) However, by letter dated June 6, 2025, Plaintiff requested that the Court allow it to voluntarily withdraw this claim. (Pl.'s Ltr. at 1, June 6, 2025, ECF No. 24.) Plaintiff's request is granted. The federal-trademark-dilution claim under 15 U.S.C. § 1125(c) is hereby dismissed.

**BACKGROUND[2]**

Since early 2012, Plaintiff and its predecessors-in-interest have manufactured, promoted, and sold a wide range of personal electric vehicles ("PEV").  (Compl. ¶¶ 2, 16, ECF No. 1.)  In connection with Plaintiff's PEV business, Plaintiff owns two trademarks for the word mark "JETSON", which are registered with the U.S. Patent and Trademark Office ("PTO"):  (1) U.S. Reg. No. 5,102,165 (the "'165 Registration"), (Compl. ¶¶ 17-18; Compl., Ex. A, ECF No. 1-4); and (2) U.S. Reg. No. 7,240,216 (the "'216 Registration"), (Compl. ¶¶ 17, 19; Compl., Ex. B, ECF No. 1-5).  Plaintiff also owns two trademark applications with respect to the word mark "JETSON":  U.S. Appl. Serial No. 97/646412 (the "'412 Application"), (Compl. ¶¶ 17, 20; Compl., Ex. C, ECF No. 1-6); and U.S. Appl. Serial No. 97/104700 (the "'700 Application"), (Compl. ¶¶ 17, 21; Compl., Ex. D, ECF No. 1-7).  In addition, Plaintiff owns a trademark application for the design mark **JETSON**, U.S. Appl. Serial No. 97/104699 (the "'699 application") (Compl. ¶¶ 17, 22; Compl., Ex. E, ECF No. 1-8).  As is relevant here, Plaintiff and its predecessor-in-interest have been continuously using these "JETSON" marks in connection with Plaintiff's PEV business since June 2012.  (Compl. ¶ 23.)

On April 20, 2018, Defendant JAB became authorized to do business as a PEV distributor in Sweden.  (*Id.* ¶ 32; Compl., Ex. H, ECF No. 1-11.).  On March 18, 2019, Defendant JAB filed an application with the PTO for the mark "JETSON" ("JAB '601 Application").  (Compl. ¶ 65; Compl., Ex. S, ECF No. 1-22.)  Ultimately, Defendant JAB's "JETSON" mark was registered with the PTO on November 10, 2020 ("JAB '965 Registration").  (Compl. ¶ 64; Compl., Ex. R, ECF No. 1-21.)[3]  In or around 2021, Defendants began actively

---

[2] The following facts are taken from the Complaint and are assumed to be true for the purpose of deciding the instant motion.

[3] On January 27, 2024, Defendant JAB filed another application for the mark "JETSON" with the PTO—U.S. Trademark Application No. 98/378,616 ("JAB '616 Application").  (Compl. ¶¶ 68-69; Compl., Ex. U, ECF No. 24.)

commercializing aerial PEVs in association with marks (the "JAB Marks"), which Plaintiff complains infringe on its trademarks.  (Compl. ¶ 39.)

On April 25, 2022, Defendant Jetson, Inc. was formed and incorporated in the state of Delaware.  (*Id.* ¶ 11.)  Thereafter, Defendants promoted their Jetson One product using the JAB Marks on numerous occasions.  (*Id.* ¶¶ 43-47.)  And, notwithstanding the registration and prior use of Plaintiff and its predecessor-in-interest's JETSON marks, Defendants have sought to cancel Plaintiff's trademark registrations and dismiss its trademark applications.  (*Id.* ¶ 72.)  In particular, on or about October 2, 2023, Defendant JAB filed a Notice of Opposition against Plaintiff's '700 Application and '699 Application ("'435 Opposition").  (*Id.* ¶ 73; Compl., Ex. V, ECF No. 1-25.)  In addition, on or about December 14, 2023, Defendant JAB filed a Petition to Cancel Plaintiff's '216 Registration for the mark "JETSON" ("'917 Cancellation") (Compl. ¶ 74; Compl., Ex. W, ECF No. 1-26).  As is relevant here, at the time the '435 Opposition and the '917 Cancellation proceedings commenced, Plaintiff's predecessor-in-interest, Jipee LLC, was the official owner of the '165 Registration, the '216 Registration, the '412 Application, the '700 Application, and the '699 Application, which resulted in Jipee LLC being the sole respondent named in the '435 Opposition and the '917 Cancellation proceedings.  (*See* Compl., Ex. V; Compl. Ex. W.)  Ultimately, the Trademark Trial and Appeal Board ("TTAB") consolidated the '435 Opposition and the '917 Cancellation into one proceeding (together, the "'435 and '917 Trademark Proceedings").  (*Id.* ¶ 74).

---

As is relevant here, Plaintiff seeks an Order directing the PTO "to not grant and to abandon" the JAB '616 Application in light of Plaintiff's registered and unregistered trademarks.  (Compl., Prayer for Relief ¶ H.)

In response to the '435 Opposition and the '917 Cancellation, Jipee LLC filed separate answers with respect to both petitions.[4]  (Answer, *Jetson AB v. Jipee LLC and Jetstream Brands LLC*, Opp'n No. 912875435 (TTAB Nov. 11, 2023), Dkt. No. 4; Answer, *Jetson AB v. Jipee LLC*, Cancellation No. 912875435 (TTAB Jan. 23, 2024), Dkt. No. 4.)  In its answers, Jipee LLC failed to assert as counterclaims any of the claims brought in the instant action.  (*See* Answer, *Jetson AB v. Jipee LLC and Jetstream Brands LLC*, Opp'n No. 912875435 (TTAB Nov. 11, 2023), Dkt. No. 4; Answer, *Jetson AB v. Jipee LLC*, Cancellation No. 912875435; (TTAB Jan. 23, 2024), Dkt. No. 4.)  After Jipee LLC filed its answers, on April 22, 2024, Plaintiff was assigned the marks related to Plaintiff's '699 Application and '700 Application (the applications at issue in the '435 Opposition), the '216 Registration (the registration at issue in the '917 Cancellation), and the '412 Application.  (*See* Resp. Mot. Sanctions, Melnick Decl., Ex. D, *Jetson AB v. Jipee LLC and Jetstream Brands LLC*, Opp'n No. 912875435, Cancellation No. 912875435 ("'435 and '917 Trademark Proceedings") (TTAB Sept. 10, 2024), Dkt. No. 10.)  On February 3, 2025, Plaintiff was joined as a co-respondent in the '435 and '917 Trademark Proceedings, alongside Jipee LLC.  (Order, '435 and '917 Trademark Proceedings (TTAB Feb. 3, 2025), Dkt. No. 17.)

On February 24, 2025, Plaintiff filed an amended answer in the '435 and '917 Trademark Proceedings, which included counterclaims challenging Defendants' trademark applications and registration related to the JAB Marks and the JAB '965 Registration.  (Am. Answer and Counterclaims, '435 and '917 Trademark Proceedings (TTAB Feb. 24, 2025), Dkt. No. 18.)  In addition, on February 26, 2025, Plaintiff filed a motion to suspend the '435 and '917 Trademark

---

[4] The Court takes judicial notice of the underlying records of the trademark proceedings referenced in the Complaint.  *See Santos v. Hecht*, No. 06CV783, 2006 WL 2166850, at *1 n.1 (E.D.N.Y. July 31, 2006) (taking judicial notice of "the underlying records of [a] TTAB proceeding").

Proceedings pending the outcome of this federal action.  (Mot. Suspend Proceedings, '435 and '917 Trademark Proceedings (TTAB Feb. 26, 2025), Dkt. No. 20.)  When addressing both filings, the TTAB deemed Plaintiff's amended answer and counterclaims procedurally improper.[5]  (Order at 2, '435 and '917 Trademark Proceedings (TTAB Mar. 6, 2025), Dkt. No. 22.)  As such, the TTAB struck the amended answer and counterclaims from the record in the '435 and '917 Trademark Proceedings, noting that it would receive no further consideration.  (*Id.* at 2.)  That said, the TTAB suspended the '435 and '917 Trademark Proceedings pending disposition of Plaintiff's motion to suspend and noted that, "[i]n the event that [the '435 and '917 Trademark Proceedings] are not suspended for th[is] [federal] civil action, upon resumption, [Plaintiff] will be given time to file a motion for leave to amend [its] answers and to add a counterclaim."  (*Id.* at 4.)  Ultimately, on June 25, 2025, the TTAB suspended the '435 and '917 Trademark Proceedings pending the final adjudication of this federal action.[6]  (Order at 5-6, '435 and '917 Trademark Proceedings (TTAB June 25, 2025), Dkt. No. 25.)

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

---

[5] The TTAB deemed Plaintiff's amended answer and counterclaim as procedurally improper because, where an assignee is joined in a TTAB proceeding in which its assignor is a defendant, "the assignee steps into the shoes of the assignor and is thus responsible for the consequences of the assignor's conduct."  (*Id.* at 2-3 (first citing *Karsten Mfg. Corp. v. Editoy AG*, 2006 WL 1258869, at *7 n.9 (TTAB 2006); and then citing *CBS Inc. v. Man's Day Publ'g Co., Inc.*, 205 USPQ 470, 477 (TTAB 1980)).  That is, the TTAB held that, because Plaintiff and Jipee LLC's "time . . . to file amended answers as a matter of course ha[d] passed, Plaintiff needed to seek leave from the TTAB to file an amended answer on behalf of itself and Jipee LLC," thus requiring Plaintiff and Jipee LLC to "file a motion for leave to amend their answers and to add a counterclaim pursuant to Fed. R. Civ. P. 15(a)."  (*Id.* at 3.)

[6] In addition, the Court consolidated the '435 and '917 Trademark Proceedings with a third TTAB proceeding, Opposition No. 91297889 (the "'889 Opposition"), in which Defendants opposed Plaintiff's '412 Application.  (Order at 2-3, '435 and '917 Trademark Proceedings (TTAB June 25, 2025), Dkt. No. 25.)  As is relevant here, Plaintiff filed an answer with respect to the '899 Opposition, which included a counterclaim to cancel the JAB '965 Registration.  (*See id.* at 2.)

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the Amended Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Rule 13(a) of the Federal Rules of Civil Procedure defines a compulsory counterclaim as:

> any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot obtain jurisdiction.

*Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citing Fed. R. Civ. P. 13(a)). "Such counterclaims are compulsory in the sense that if they are not raised, they are forfeited." *Jones*, 358 F.3d at 209.[7] Similar to Rule 13(a), the PTO has its own rules that designate certain claims as compulsory counterclaims in actions brought before the TTAB. *See* 37 C.F.R. §§ 2.106(b)(3)(i), 2.114(b)(2)(i). As is relevant here, under 37 C.F.R. § 2.106(b)(3)(i), "[a] defense attacking the validity of any one or more of the registrations pleaded in [an] opposition shall be a compulsory counterclaim if grounds for such counterclaim exist at the time when [an] answer is filed." 37 C.F.R. § 2.106(b)(3)(i). As such, under 37 C.F.R. § 2.106(b)(3)(i), where a petitioner holds a registered trademark and commences cancellation proceedings before the TTAB with respect to another trademark, the respondent in that action must assert any defense they are

---

[7] This is not to say that all counterclaims pertaining to the same subject matter as an opposing party's claims are compulsory. *See* Fed. R. Civ. P. 13(b). That is, if a counterclaim relates to the same subject matter as an opposing party's claim but does not arise out of the same transaction or occurrence as the opposing party's claim, it is deemed a permissive counterclaim. *Jones*, 358 F.3d at 209; Fed. R. Civ. P. 13(b). And, importantly, a party need not plead permissive counterclaims or risk forfeiting them but instead may bring a separate action on the claim in the forum of his or her choosing. *See CIT Grp./Com. Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 410 (S.D.N.Y. 2009) (finding that, because the defendant's counterclaims "d[id] not on their face arise under the [agreement at issue]," but rather "various other aspects of the parties' commercial relationship," the counterclaims were "permissive" and could "be asserted in a separate action).

aware of that challenges the validity of the petitioner's registered trademark, or risk forfeiting such opportunity.  *See id.*

Against this backdrop, Defendants argue that, because Plaintiff vis-à-vis its predecessor-in-interest, Jipee LLC, failed to challenge the validity of the JAB '965 Registration in its answers to the '435 Opposition and the '917 Cancellation, Plaintiff is time-barred from filing its claims here under both Rule 13(a) of the Federal Rules of Civil Procedure and TTAB rule 37 C.F.R. § 2.106(b)(3)(i).[8]  (Defs.' Mem. L. Supp. Mot. Dismiss. ("Defs.' Mem.") at 8-12, ECF No. 28-1.)  In response, Plaintiff argues, in part, that because it still has an opportunity to file a counterclaim in the '435 and '917 Trademark Proceedings, Defendants' motion should be denied as premature.  (Pl.'s Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 14, ECF No. 28-2.)  The Court agrees.[9]

Here, Defendants' arguments for dismissal are limited to, or entirely predicated on, Defendants' misguided position that Plaintiff is barred from asserting its instant claims because it failed to assert counterclaims contesting the JAB '965 Registration in the '435 and '917 Trademark Proceedings.[10]  (*See* Defs.' Mem.)  Specifically, Defendants argue that because Rule 13 is "silent as to tribunal" it necessarily operates to serve as a mechanism to deem to a

---

[8] Defendants further argue that, because Plaintiff can no longer challenge the validity of the JAB '965 Registration, the presumption of validity that attaches to registered marks, like the mark associated with the JAB '965 Registration, precludes a finding of infringement through Defendants use of the JAB Marks.  (Defs.' Mem. at 7-8, 12-13.)

[9] Plaintiff further argues that its claims are not barred under Rule 13(a) because this rule is inapplicable where, as here, the earlier action commenced between the parties is before an administrative agency that is incapable of granting all the relief the plaintiff now seeks.  (Pl.'s Opp'n at 8 n.9.)  The Court declines to decide this issue in light of the premature nature of Defendants' motion to dismiss.

[10] Because the Court rejects Defendants' argument that Plaintiff is precluded from asserting its instant claims, the Court further rejects Defendants' argument that the presumption of validity with respect to the JAB '965 Registration supports dismissal of Plaintiff's claims.  (Defs.' Mem. at 7-8, 12-13.)  Defendants do not argue that this presumption, alone, is an additional ground for dismissing Plaintiff's claims.  (*See* Defs.' Mem.)  Nor does the Court believe the presumption provides Defendants with impregnable protection.  As such, whether the JAB '965 Registration is entitled to a presumption of validity is of no moment.

counterclaim not raised in one tribunal as waived in a subsequent case brought before a United States district court.  (Defs.' Reply Mem. L. Supp. Mot. Dismiss ("Defs.' Reply") at 3 n.3.)  Defendants failed to point the Court to any authority supporting this argument, and the Court is not persuaded.  The Supreme Court has plainly stated that "the Federal Rules of Civil Procedure strictly apply only in [federal] district courts." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (citing Fed. R. Civ. P. 1).  While Defendants rely on *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697 (2d Cir. 2000), for their proposition, (Defs.' Mem. at 7, 9), as Plaintiff aptly notes, the Second Circuit in *Critical-Vac Filtration Corp.* applied Rule 13(a) "in the context of two federal patent infringement actions," (Pl.'s Opp'n at 8).  *See Critical-Vac Filtration Corp.*, 233 F.3d at 698 (applying Rule 13(a) with respect to an earlier filed action "in the United States District Court for the Northern District of Illinois").  In other words, the Second Circuit did not hold that Rule 13(a) is applicable where, as here, the earlier action was before a different tribunal.[11]  *See Critical-Vac Filtration Corp.*, 233 F.3d at 698.  Likewise, the Court is not persuaded that 37 C.F.R. § 2.106(b)(3)(i) is applicable in actions brought in federal court.  Indeed, the Federal Circuit has unequivocally stated that the TTAB's compulsory counterclaim rules—including 37 C.F.R. § 2.106(b)(3)(i)— "of course do not apply

---

[11] While the Supreme Court has long held that "when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (alteration accepted) (internal quotations and citation omitted).  The Court points out that, contrary to Defendants' argument in their reply, this principle is inapplicable to the instant case.  (*See* Defs.' Reply at 8-9).  That is, the doctrine of res judicata is inapplicable here because the TTAB has not yet resolved any issues relative to this case, as the '435 and '917 Proceedings are still pending.  *See Jorgensen v. Sony BMG Music Ent.*, 310 F. App'x 419, 420 (2d Cir. 2008) ("To determine whether res judicata bars a subsequent action, the Court must consider whether: [](1) the first decision was a final judgment on the merits . . .").  Perhaps recognizing this deficiency, Defendants inexplicably note that, "while the bar resulting from the failure to bring a compulsory counterclaim is not identical to the bar of res judicata, the principles of res judicata govern."  (Defs.' Reply at 9 (citation omitted).)  Although this may be true, this notion does not explain why Plaintiff's failure to assert counterclaims before the TTAB in the '435 and '917 Trademark Proceedings now precludes it from asserting these claims in federal court.

8

to an infringement action brought in a district court." *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1325 n.3 (Fed. Cir. 2008).

In any event, even assuming that issue preclusion might somehow apply to the instant case for Plaintiff's failure to comply with either Rule 13(a) or 37 C.F.R. § 2.106(b)(3)(i) in the '435 and '917 Trademark Proceedings, such an application would be premature at this juncture. Defendants confirm in their submission that their "core argument" in support of their motion to dismiss is that "Plaintiff's claims are time-barred" due to its failure to assert a counterclaim challenging the validity of Defendants' JAB '965 Registration in the '435 and '917 Trademark Proceedings. (Defs.' Reply at 3-4.) Yet, the Second Circuit has explained that dismissal under Rule 12(b)(6) "is appropriate when a defendant raises a statutory bar, such as lack of timeliness," only when "it is clear from the face of the complaint[] and matters of which the court may take judicial notice[] that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotations and citation omitted); *see Iosilevich v. TD Bank, N.A.*, No. 20CV01515, 2021 WL 7709508, at *3 (E.D.N.Y. Feb. 9, 2021) (rejecting the defendant's statute-of-limitations arguments because it was not clear that the plaintiff's claims were time barred from the face of the complaint). Here, it is neither clear from the Complaint nor the record in the '435 and '917 Trademark Proceedings that Plaintiff's claims are barred under Rule 13(a) or 37 C.F.R. § 2.106(b)(3)(i). This is because, as Plaintiff aptly notes, "[a]ny . . . purported past 'failure' cannot [be] the basis for dispositive relief[] when it is beyond dispute that [Plaintiff] retains the future opportunity to move the TTAB to add a counterclaim."[12] (Pl.'s

---

[12] Plaintiff also argues that Defendants' motion to dismiss must fail because Plaintiff filed counterclaims challenging the validity of the JAB '965 Registration in the '889 Opposition, which was ultimately consolidated with the '435 and '917 Trademark Proceedings on June 25, 2025. (Pl.'s Opp'n at 15-16.) Interestingly, Defendants failed to respond to this argument in their reply. (*See* Defs.' Reply.) Regardless, the Court declines to address this argument in light of Defendants' motion to dismiss being premature, as discussed herein, and Plaintiff's representation that, notwithstanding the consolidation of the '889 Opposition with the '435 and '917 Trademark Proceedings, the TTAB

Opp'n at 14.)  Indeed, the TTAB unequivocally stated that Plaintiff would "be given time to file a motion for leave to amend their answers and to add a counterclaim" with respect to the '435 Opposition and the '917 Cancellation at a later date.  (Order at 4, '435 and '917 Trademark Proceedings (TTAB March 6, 2025)).  As such, Defendants' argument for dismissal under Rule 13(a) and 37 C.F.R. § 2.106(b)(3)(i) is premature because the TTAB may allow Plaintiff to amend its answer to include the very counterclaims Defendants argue Plaintiff failed to assert. *See id.*  Put differently, because the TTAB did not foreclose the possibility of Plaintiff being permitted to amend its answer in the '435 and '917 Trademark Proceedings, this Court will not foreclose Plaintiff from pursuing its claims here. *See Crawley v. Macy's Retail Holdings, Inc.*, No. 15 CIV. 2228, 2016 WL 6993777, at *5-*6 (S.D.N.Y. Nov. 29, 2016) (concluding the defendant's res judicata defenses were premature because the record did not support a finding that plaintiff could have but failed to assert certain claims during a prior arbitration).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is DENIED.  That said, Plaintiff's federal trademark dilution claim in violation of 15 U.S.C. § 1125(c) is DIMISSED as voluntarily withdrawn.  (Pl.'s Ltr. at 1, ECF No. 24.)

SO ORDERED.

Dated: Brooklyn, New York
   March 31, 2026

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

will issue separate judgments for the '435 Opposition, '917 Cancellation, and the '889 Opposition.  (*See* Pl.'s Opp'n at 15 n.21.)